IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARVIN P. SELPH,

        Plaintiff,

v.                                                                                    No. 18cv115 RB/KBM

EQUIFAX CREDIT BUREAU,
EXPERIAN CREDIT BUREAU, and
TRANSUNION CREDIT BUREAU,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
**DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for a Civil Case, filed February 5, 2018. (Doc. 1 (Compl.).) For the reasons stated below, the Court will **DISMISS** Plaintiff's Complaint **without prejudice**. Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

Plaintiff alleges that the Defendant Credit Bureaus have inaccurate information in Plaintiff's consumer file, that Plaintiff notified Defendant Credit Bureaus of the inaccurate information, and that Defendant Credit Bureaus have not corrected the information. (*See id.* at 8, 16, 26, 34.)

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). Plaintiff asserts that the Court has jurisdiction pursuant to "the Federal Fair Credit Reporting Act." ( Compl. at 3.)

It is not clear that the Court has jurisdiction over this matter. *See Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988)). The Fair Credit Reporting Act sets forth the procedure in the case of disputed accuracy of information in a consumer's file at a consumer reporting agency, and provides for civil liability for willful and negligent noncompliance with any requirements imposed under the Fair Credit Reporting Act. *See* 15 U.S.C. §§ 1681i, 1681n, 1681o. The Fair Credit Reporting Act also limits actions to enforce any liability created under the Act to "not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. §§ 1681p. The Complaint does not aver when Plaintiff discovered the alleged violation that is the basis of his claim or the date on which the alleged violation occurred.

The Court will dismiss the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims."). Plaintiff may file an amended complaint within 21 days of entry of this Order. The amended complaint must include the date of discovery by Plaintiff of the violation that forms the basis for his amended complaint and the date on which the violation occurred.

**IT IS ORDERED** that Plaintiff's Complaint for a Civil Case, Doc. 1, filed February 5,

2018, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**