IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARVIN P. SELPH,

      Plaintiff,

v.                                                                                          No. CIV 18-0115 RB/KBM

EQUIFAX CREDIT BUREAU, EXPERIAN
CREDIT BUREAU, and TRANSUNION
CREDIT BUREAU,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Trans Union LLC's 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint, filed on March 28, 2018 (Doc. 14), and Plaintiff's Motion to Show Cause, filed on August 1, 2018 (Doc. 20). Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of the parties and the relevant law, the Court will deny both motions.

In 2017, Plaintiff noticed something amiss on his credit report. After investigating, he came to the conclusion that Defendant Equifax Credit Bureau unlawfully disclosed his confidential, personal information due to a security breach. Plaintiff believes he has been the victim of identity theft and asserts that unknown individuals have used his personal information to open credit accounts and make purchases in his name. Plaintiff has filed disputes with the three Defendant credit bureaus and asked them to remove the false information from his credit report. To date, Defendants have failed to address the disputes, and the inaccurate information is still on his credit report. Plaintiff now brings claims against Defendants under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681–1681x.

**I. Background**[1]

Plaintiff first noticed fraudulent activity on his credit report on May 6, 2017. (Doc. 7 (Am. Compl.) at 1.) He alleges that he is a victim of the Equifax security breach. (*Id.* at 27.) As a result of the breach, Plaintiff's personal, confidential information has been compromised, including his email address, social security number, New Mexico driver's license information, home address, phone number, and military records. (*Id.* at 1, 7, 18.) Plaintiff's information has been used to open accounts, make "hard inquiries,"[2] and take money from his checking account. (*See id.* at 11–12, 27, 31–33.)

Plaintiff filed disputes with the Defendants in mid-2017. (*Id.* at 1.) Plaintiff reached out to Defendants again on January 6, 2018, and asked them to delete all references to the false accounts listed on his credit report. (*Id.*) Plaintiff asserts that Defendants have "failed to address the dispute's" [sic] or correct his credit reports, and his confidential information is still being illegally used. (*Id.* at 1, 27.)

Plaintiff filed suit in this Court on February 5, 2018. (Doc. 1.) After the Court dismissed Plaintiff's Complaint without prejudice for failure to assert facts to support subject matter jurisdiction (*see* Doc. 6), Plaintiff filed an Amended Complaint. (Am. Compl.) The Court then filed an Order to Show Cause, directing Plaintiff to show cause why he had not served Defendant Equifax Credit Bureau within the time limit prescribed by the rules. (Doc. 19.) When Plaintiff

---

[1] The facts in this section are taken from Plaintiff's Amended Complaint for a Civil Case and the exhibits attached thereto. (*See* Doc. 7 (Am. Compl.).) The Court will relate only those facts necessary to address the motions before it.

[2] "Hard inquiries are credit inquiries where a potential lender is reviewing your credit because you've applied for credit with them." *See* What are inquiries and how do they affect my FICO score?, https://www.myfico.com/credit-education/faq/credit/how-do-inquiries-impact-credit-scores.

did not substantively respond to the Court's order to show cause, the Court dismissed Defendant Equifax Credit Bureau from the case. (Doc. 21.)

Defendant Trans Union LLC (Trans Union)[3] filed its motion to dismiss on March 28, 2018. (Doc. 14.) Rather than file a substantive response to the motion, Plaintiff filed a Motion to Show Cause on August 1, 2018. (Doc. 20.) In his motion, Plaintiff reiterates the allegations from his Amended Complaint and states that although he "asked the Defendants to place a credit freeze on Plaintiff [sic] credit file," Defendants would not freeze his credit file unless Plaintiff paid "them $50.00 a month in order to keep the Plaintiff [sic] credit file locked." (*Id.* at 1.) Plaintiff asks the "Court to allow the Plaintiff [sic] case to proceed to a Jury Trial." (*Id.*)

## II.  Legal Standards

Plaintiff's "pro se . . . pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (internal citation omitted)). The Court may not, however, "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Id.* (citation omitted).

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (citation omitted). "To survive a motion to dismiss," the complaint does not need to contain "detailed factual allegations," but it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

---

[3] Defendant Trans Union LLC asserts that Plaintiff incorrectly named it as Transunion Credit Bureau in the Amended Complaint. (*See* Doc. 14 at 1.)

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

### III. Analysis

#### A. The Court will deny Trans Union's motion.

Plaintiff asserts that the remaining two Defendants have violated the FCRA by failing to address his disputes and by continuing to report false information.[4] (*See* Am. Compl. at 1, 5.) It appears to the Court that Plaintiff is asserting a claim against Defendants under 15 U.S.C. §§ 1681e(b) and 1681i(a)(1).

Claims under § 1681e(b) "must be based on inaccurate information disclosed in a consumer credit report . . . ." *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 751 (10th Cir. 2009). To prevail in an action against a consumer reporting agency (CRA)[5] under 15 U.S.C. § 1681e(b), "a plaintiff must establish that (1) the consumer reporting agency failed to follow reasonable procedures to assure the accuracy of its reports; (2) the report in question was, in fact, inaccurate; (3) the plaintiff suffered an injury; and (4) the consumer reporting agency's failure caused the plaintiff's injury." *Id.* (quoting *Cassara v. DAC Servs., Inc.*, 276 F.3d 1210, 1217 (10th Cir. 2002) (internal citation omitted)).

---

[4] Plaintiff also mentions the Consumer Financial Protection Bureau (CFPB) in the "Statement of Claim" section of his Amended Complaint. (*See* Am. Compl. at 5.) The CFPB is a government agency; it does not create an independent cause of action. *See* Consumer Financial Protection Bureau, https://www.consumerfinance.gov/ (describing the CFPB as "a U.S. government agency that makes sure banks, lenders, and other financial companies treat [people] fairly").

[5] Trans Union does not dispute that it is a CRA under the FCRA. *See* 15 U.S.C. § 1681a(f). (*See also* Doc. 15.)

"[S]ection 1681i(a)(1) prescribes specific procedures a CRA must employ when reinvestigating a dispute in the consumer's file and, accordingly, [Plaintiff] must establish essentially the same elements as under section 1681e(b)." *Collins v. Diversified Consultants Inc.*, No. 15-CV-02115-RBJ-NYW, 2017 WL 8942568, at *4 (D. Colo. Feb. 1, 2017), R&R adopted, No. 15-CV-2115-RBJ-NYW, 2017 WL 971528 (Mar. 13, 2017) (citation omitted)); *see also Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015). To prevail on a claim under § 1681i(a)(1), Plaintiff "must prove: (1) that he disputed the completeness or accuracy of an item in his consumer file; (2) that he notified the CRAs of the dispute; (3) that the CRA[s] failed to conduct a reasonable investigation within the prescribed timeframe; and (4) that he suffered actual damages caused by the inaccurate information." *Collins*, 2017 WL 8942568, at *4 (citing *Eller v. Experian Info. Sols., Inc.*, No. 09-CV-00040-WJM KMT, 2011 WL 3365513, at *5 (D. Colo. Aug. 4, 2011); *Ruffin-Thompkins v. Experian Info. Sols., Inc.*, 422 F.3d 603, 608 (7th Cir. 2005)). Plaintiff "bears the burden of proving that the CRA Defendants failed to conduct a reasonable reinvestigation of his dispute." *Id.* (citation omitted).

Trans Union argues that Plaintiff's Amended Complaint fails to state a claim because he "does not identify what account(s) he is disputing, . . . nor what is allegedly inaccurate with such accounts." (Doc. 15 at 4.) Trans Union does not, however, explain how this information relates to any of the elements required to state a claim under either section.

Trans Union further contends that "the Amended Complaint does not plead how Trans Union violated the FCRA and Trans Union is left to guess as to how its actions or omissions caused any damages to Plaintiff." (*Id.*) The Court disagrees. While unartfully pleaded, Plaintiff's Amended Complaint contains allegations sufficient to show that Plaintiff notified Defendants of inaccuracies in his report, Defendants failed to investigate or correct the inaccuracies, and

5

Plaintiff has been injured by the continued use of his confidential information because Defendants have failed to address the inaccuracies in his credit report. (Am. Compl. at 1, 27.) And while Plaintiff does not specifically assert that Defendants did not "follow reasonable procedures to assure the accuracy of its reports[,]" *Pinson*, 316 F. App'x at 751, the Court may draw that reasonable inference in Plaintiff's favor at the motion to dismiss stage.

Trans Union fails to attack Plaintiff's allegations as they relate to the elements of his claims brought under sections 1681e(b) and 1681i(a)(1), and the Court declines to manufacture those arguments for Trans Union. Consequently, the Court will deny Trans Union's motion to dismiss.

### B. The Court will deny Plaintiff's motion.

Plaintiff filed a "Motion to Show Cause" and asked the Court to allow Plaintiff's case to go to trial. (*See* Doc. 20.) While the Court will deny Plaintiff's request to move directly to a jury trial, the Court will allow the case to go forward according to the Court's local rules.

**THEREFORE,**

**IT IS ORDERED** that Defendant Trans Union LLC's 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint (Doc. 14) is **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Show Cause (Doc. 20) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE